(Nos. 17798, 17799, 17800, 17801.—Writs dismissed.)

PETER J. SOBIESKI, Guardian, Defendant in Error, vs. THE
    CITY OF CHICAGO, Plaintiff in Error.—PETER J. SO-
    BIESKI, Guardian, Defendant in Error, vs. Same Plain-
    tiff in Error.—KATHERNA GROSSMAN, Defendant in
    Error, vs. Same Plaintiff in Error.—VIOLA PAULEY,
    Defendant in Error, vs. Same Plaintiff in Error.

*Opinion filed April 20, 1927.*

MANDAMUS—*Supreme Court will not review cause merely to
determine liability for costs.* Where the trial court has allowed
writs of *mandamus* to issue compelling a defendant municipal cor-
poration to pay judgments against it and said judgments are paid
after affirmance of the *mandamus* order by the Appellate Court
but the defendant does not pay the costs of the *mandamus* pro-
ceedings which it was ordered to pay, it will not be entitled to a
writ of error to review the *mandamus* order, as, the judgments
having been paid, the only question involved is the liability for
costs, which question the Supreme Court will not review where
the principal questions involved no longer exist.

WRITS OF ERROR to the First Division of the Appellate
Court for the First District;—heard in that court on ap-
peals from the Circuit Court of Cook county; the Hon.
PHILIP L. SULLIVAN, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, and JOHN J.
KELLY, City Attorney, (DANIEL V. GALLERY, and EARL B.
DICKERSON, of counsel,) for plaintiff in error.

DAVID K. TONE, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Peter J. Sobieski, as guardian of Walter Sobieski and of John Sobieski, Katherna Grossman and Viola Pauley each obtained a judgment against the city of Chicago, and upon failure of the city to pay the judgments on demand each filed a petition for a writ of *mandamus*. Demurrers were filed to these petitions and sustained. Leave was given to amend the petitions but the amendment was not made. In each case the parties assumed that the amendment had been made and proceeded accordingly. The circuit court entered its judgment awarding the writ in each case, and the city appealed to the Appellate Court for the First District. There the judgments were affirmed, and the causes are now before this court on *certiorari*. The four causes have been consolidated for hearing in this court.

From the briefs filed in the consolidated cause it appears that plaintiff in error has paid the judgments which it was commanded to pay but did not pay the costs in the *mandamus* proceedings. The principal question involved in the *mandamus* proceedings no longer exists. The only purpose in reviewing the action of the Appellate Court in affirming the order of the circuit court directing the writs to issue is to determine who shall pay the costs in the *mandamus* proceedings. Where the substantial questions involved in the trial court no longer exist this court will not review the cause merely to determine the liability for costs. *Wick* v. *Chicago Telephone Co.* 277 Ill. 338; *In re Croker,* 175 N. Y. 158, 67 N. E. 307; *Wingert* v. *First Nat. Bank,* 223 U. S. 670, 32 Sup. Ct. 391; 3 Corpus Juris, 365.

The writ of error issued in each of these causes is dismissed.

*Writs dismissed.*