(No. 25171.—

THE RAILWAY EXPRESS AGENCY, INC., *et al.* Appellees, *vs.*
THE COMMERCE COMMISSION *et al.* Appellants.

*Opinion filed June 14, 1940.*

JOHN E. CASSIDY, Attorney General, FLOYD F. SHIELDS, ZACHARY D. FORD, JR., and LUTHER M. WALTER, (HARRY R. BOOTH, JOHN S. BURCHMORE, and NUEL D. BELNAP, of counsel,) for appellants.

JOHN A. DILL, JOSEPH H. WRIGHT, CARSON L. TAYLOR, WELDON A. DAYTON, and NYE F. MOREHOUSE, (EDWARD C. CRAIG, VERNON W. FOSTER, CARL S. JEFFERSON, and WILLIAM T. FARICY, of counsel,) for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This action was started in 1930 when the Keeshin Motor Express Company, Inc., filed a petition with the Illinois Commerce Commission asking that it be granted a certificate of convenience and necessity to operate as a motor carrier of property on certain highways between certain cities all located in the northern part of the State. The Railway Express Agency, Inc., and a number of other common carriers, serving the area for which petitioner sought a certificate, were named as respondents. Evidence was heard,

and on January 24, 1933, the commission entered an order denying the prayer of the petition and directed it desist from operating as a motor carrier of property. Petitioner asked for a rehearing, whereupon the order of January 24, 1933, was set aside, a rehearing granted and additional evidence heard. January 8, 1936, an order was entered granting a certificate of public convenience and necessity authorizing petitioner to engage as a public utility for the transportation of property for hire by means of motor trucks and trailers with the right to render pick-up and delivery service between certain designated cities and villages. Petitioner was ordered to file with the commission tariff schedules of rates and charges for its service and to otherwise comply with the act.

Respondents appealed to the circuit court of Winnebago county and January 10, 1939, that court found the commission's order of January 8, 1936, to be arbitrary, unreasonable, against the manifest weight of the evidence and contrary to law, and ordered the order of the commission set aside.

Petitioner perfected an appeal to this court. The order appealed from was not suspended during the pendency of the appeal in the circuit court nor has it been suspended on this appeal.

After full consideration the conclusion has been reached that the adoption of the Illinois Truck act in 1939, and the amendment of certain sections of the Public Utilities act, have so changed the law in relation to the right to transport property on the public highways by motor carrier, that the questions presented on this appeal are no longer justiciable and that on the court's own motion the appeal should be dismissed.

Prior to the amendment of section 8 of the Public Utilities act (Ill. Rev. Stat. 1939, chap. 111⅔, sec. 8) in 1939, the commission was vested with general supervision

of all public utilities subject to the limitations expressed in the act. By section 10, the term "public utility" was defined to mean and include every corporate company "that now or hereafter (a) may own, control, operate or manage within the State, directly or indirectly, for public use, any plant, equipment or property used or to be used for or in connection with the transportation of persons or property." The term "common carrier" was defined as follows: "The term 'common carrier,' when used in this act, includes all railroads, street railroads, express companies * * * and every corporation * * * whatsoever, owning, operating or managing any such agency for public use in the transportation of persons or property within the State"

By an amendment effective July 21, 1939, section 10 was amended. The terms "public utility" and "common carrier" were redefined, each expressly excluding trucks subject to regulation under the provisions of "An act in relation to the operation of trucks designed to be used for the transportation of property," as enacted by the Sixty-First General Assembly. The amendatory act did not contain a saving clause applicable to pending suits.

The Illinois Truck act (Ill. Rev. Stat. 1939, chap. 95½, par. 240, *et seq.*) vested in the Department of Public Works and Buildings the general supervision and direction of the right to operate trucks upon the State highways. The department is empowered to direct the routes over which trucks shall travel, to enforce the mandatory provisions of the act and to grant certificates of necessity and convenience to those motor truck carriers engaged in the transportation of property similar in service to that rendered by petitioner. It is not necessary to consider in detail the various provisions of the Illinois Truck act but it is obvious that by the adoption of the act, and the amendment of section 10 of the Public Utilities act, the legislature intended to remove the control and regulation of trucks from the juris-

diction of the Commerce Commission and confer the same upon the Department of Public Works and Buildings. The act became effective July 25, 1939, and by its terms all coming within its provisions were required to comply by March 1, 1940.

The adoption of the Illinois Truck act and the amendment of section 10 of the Public Utilities act have a material effect upon the rights of parties to this proceeding regardless of the conclusion that may be reached on the merits. The matter before the circuit court, and the one presented on this appeal, referred only to the findings and order of the commission. If petitioner should succeed on this appeal and the order of the court setting aside the order of the commission should be reversed, the order entered here would necessarily relate back to and confirm the order of the commission awarding the certificate of necessity and convenience, but, by the changes of the law, the jurisdiction of the commission which issued the certificate has been taken away. On the other hand, if a disposition of the case on the merits should result in an affirmance of the order of the circuit court, the parties have gained nothing, for petitioner's right to operate as a carrier of property is now dependent upon its compliance with the Illinois Truck act. If petitioner has or shall make application to operate under that act, the provisions of that act control. The only matter remaining on this appeal is one of costs and a court of review will not retain jurisdiction merely to determine the right of costs. 3 Corpus Juris, 365; *Wingert* v. *First Nat. Bank of Hagerstown,* 223 U. S. 672, 56 L. ed. 605; *Nixon* v. *Union Paper Bag Machine Co.* 105 id. 766, 26 L. ed. 959.

The order of the Commerce Commission granting the certificate of necessity and convenience did not give petitioner a vested interest that could not be changed by legislative enactment. It was the granting of a privilege or license to do a certain thing issued by an agency of the State in the

exercise of the police power, and was subject to modification or revocation.

The Public Utilities act is a public law enacted in the interest of the public generally and, being such, is subject to repeal or amendment by the legislature at any time. *Arnold & Murdock Co.* v. *Industrial Com.* 314 Ill. 251.

In *Dinsmore* v. *Southern Express Co.* 183 U. S. 114, 46 L. ed. 111, the War Revenue act of 1898 required common carriers, including express companies, to affix revenue stamps to manifests, bills of lading, etc. The defendant express company affixed the stamps but required the shippers or consignors to supply them. The railroad commission in the State of Georgia directed the express company to meet the costs of the stamps. During the pendency of the appeal through the various courts and to the United States Supreme Court, Congress amended the War Revenue act so that it did not apply to express companies in reference to the matters in controversy. It was held that inasmuch as the subject matter of the dispute had been legislated out of the act, the order of the railroad commission, if originally valid, ceased to have any effect. The principle applied in the *Dinsmore case* has application here.

The duty of the court in the exercise of its power of appellate review is confined to consideration of actual controversies, cases in which the judgment can be given effect. It is not required to give opinions upon moot questions or matters that, by reason of the changes in the law, it is unnecessary to decide.

The appeal is dismissed without costs.

*Appeal dismissed.*