12

FRANK PIKTEL *et al.*, Plaintiffs-Appellees, *v.* BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF NORTH CHICAGO *et al.*, Defendants-Appellants.

(No. 70-29;

Second District—November 4, 1970.

Hercules Paul Zagoras, of Waukegan, and Howard R. Slater, of Chicago, for appellants.

Frank M. Daly, of Waukegan, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiffs, six firemen of the Fire Department of North Chicago, Illinois, filed an action for declaratory judgment to declare illegal and void the results of an examination for promotional appointments in the Fire Department given by the North Chicago Board of Fire and Police Commissioners, and to declare illegal and void the promotion of three defendants, Robert Sandahl, Jack Henderson and Gene Kalinoski, to the rank of lieutenant. The rules and regulations of the North Chicago Board of Fire and Police Commissioners provides that notice of the time and place of every examination given by the Board shall be by a publication two weeks preceding the examination, as does section 10—2.1—13 of

Chapter 24 of the Illinois Revised Statutes, 1969. Only three days' notice was given of the examination in question. The court declared illegal and void the examinations and the promotions made as a result thereof.

A post-trial motion was filed by all defendants except the Board of Fire and Police Commissioners. Said post-trial motion was denied. This appeal is taken only by the Board of Fire and Police Commissioners as the other defendants did not appeal.

Several issues are presented but we do not deem it necessary to decide those issues because of the view we take on plaintiffs' contention that the defendant Board acquiesced in the judgment order of the trial court, and have thereby waived the right to have it reviewed by this court.

The judgment order, declaring the eligibility list for the position of lieutenant in the North Chicago Fire Department created by the examination of July 13, 1967, illegal and the subsequent promotions to that position void, was entered on May 20, 1969. On June 28, 1969, the Board of Fire and Police Commissioners held a new examination and all of the plaintiff firemen and all of the defendant firemen took the examination, and a new eligibility list for promotion to the rank of lieutenant was established on July 21, 1969. Defendants Sandahl and Henderson placed 1 and 2 for positions of lieutenant, and positions 3, 4 and 5 went to certain of the plaintiffs.

■■ Although the post-trial motion for rehearing and other relief was filed on June 19, 1969, said post-trial motion was not joined in by the Board or the members thereof. The new examination was held, pursuant to proper notice, after the filing of the post-trial motion but before the court denied said motion on October 24, 1969. On the same date, October 24, 1969, a motion was filed requesting the court to dismiss from the cause the plaintiffs Piktel, Koncan and Bobrowski because the new examination was given in the month of June, 1969, and thereafter a new eligibility list established, but that those plaintiffs were not on it because they took the new exam and failed. The court, in denying the motion to dismiss, found that the other plaintiffs and individual firemen defendants passed the examination and gave the defendants leave to file a certified copy of minutes which reflected the new examination and the results. With the case in this posture, the Board of Fire and Police Commissioners now ask this court to reverse the trial court. It appears that by accepting the decree of the trial court, holding a new examination and establishing a new eligibility list for promotion to lieutenant as a result from such examination, the Board has not only accepted the order of the trial court but has affirmatively abided by it. It, therefore, seems that the Board should not be allowed an appeal to question the validity of its new examination and new eligibility list. The Board

voluntarily established the new eligibility list and thus negated its old list. The Board cannot very well ask this court to overrule its voluntary compliance with the judgment order and reinstate the old exam and old eligibility list which the Board itself has discarded. In *Barnard v. Michael*, 392 Ill. 130, page 133, the court stated:

"It is elementary that a reviewing court is not bound to determine questions which have become moot or academic and the decision of which will serve no beneficial purpose to the litigants. The duty of a court in the exercise of its power of appellate review is confined to consideration of actual controversies, cases in which judgment can be given effect. (*Railway Express Agency, Inc. v. Commerce Com.*, 374 Ill. 151.) When, pending an appeal from a judgment of the lower court and without any fault of the appellee, an event occurs which renders it impossible for the reviewing court, if it should decide the case in favor of the appellant, to grant him any effectual relief whatever, the court will not proceed to a final judgment, but will dismiss the appeal. (*Tuttle v. Gunderson*, 341 Ill. 36; *Weck v. Chicago Telephone Co.*, 277 Ill. 338.)"

It is our opinion that by accepting the order of the trial court and abiding by it, the issues originally raised by the defendants have become moot. Accordingly, this appeal is dismissed.

Appeal dismissed.

T. MORAN and SEIDENFELD, JJ., concur.