ELIZABETH PHILLIPS *et al.*, Plaintiffs-Appellants, *v.* BOARD OF EDUCATION OF BROWNSTOWN COMMUNITY UNIT SCHOOL DISTRICT No. 201, FAYETTE COUNTY, Defendant-Appellee.

(No. 74-85;

Fifth District—October 23, 1974.

Drach, Terrell and Deffenbaugh, P.C., of Springfield, for appellants.

Martin J. Corbell, of Vandalia, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal by the plaintiff teachers from an order of the Circuit Court of Fayette County denying their request for a declaratory judgment and refusing them injunctive relief from the School Board's requirement that they perform allegedly non-teaching duties without extra pay.

Each of the plaintiffs was a duly qualified, tenured teacher certified by the State of Illinois and employed at a fixed salary by the defendant Board of Education of Brownstown Community Unit School District No. 201 of Fayette County. Their teacher-salary statements, or contracts, had been signed in the year they were respectively employed and were continuing from year to year. In addition to a stated salary the contracts provided that certain other extra duties assigned by the principal would be considered a part of their positions as teachers. In the 1972-1973 school year, as was customary, the teachers were assigned such extra duties as sponsoring a particular high school class both during and beyond the normal school day and sponsoring a student group known as Future Homemakers of America. Also, one of the teachers was required to take charge of the concession stand for school basketball games, and four others were required to sell tickets for such games, three of them being assigned to one weekday game each starting at 6:30 P.M., and one of them to a Saturday game.

On September 11, 1972, the teachers' association, known as the Brownstown Education Association, directed a letter to the Board stating that due to its dispute with the Board over salaries the teachers would no longer perform any "voluntary activities not directly relating to teach-

ing assignments." On February 2, 1973, the superintendent of the school district informed plaintiffs in writing that such extra duties were considered a normal part of their teaching duties and that failure to perform them would be considered a wilful violation of their teachers' contracts.

In this appeal plaintiffs contend that by statute (Ill. Rev. Stat., ch. 122, par. 24—2) the Board is specifically prohibited from requiring teachers to teach on Saturdays, and that the other extra-duty assignments required of plaintiffs bear no reasonable relationship to the profession of teaching for which sole purpose plaintiffs were hired. It is argued, therefore, that those provisions of the contracts for the school year 1972-1973 requiring the performance of such prohibited and unreasonable extra duty assignments should be declared invalid and the Board enjoined from endeavoring to enforce them.

The Board admits that in the one isolated Saturday incident the teacher could have refused his ticket selling assignment because if by statute he could not be required to teach on that day, it necessarily follows that he could not be required to perform any other duties no matter how closely related to teaching. As to the other extra duties it is contended that they were teacher related, reasonable, and within the provisions of their contracts under contractual continued service.

■■  In effect what we are being asked to decide here is whether the teachers' contracts for the school year 1972-1973 were sufficient to require performance of the extra duties described. However, from the record it is apparent that this dispute was settled between the parties themselves even before the hearing on the matter in the trial court. As admitted by plaintiff's counsel in his argument to the trial court in November, 1973, extra pay for the questioned extra duties was included in their contracts for the school year 1973-1974. In our opinion there is now no existing controversy, nothing remains for us to decide, and the case has, therefore, become moot. As stated in *La Salle National Bank v. City of Chicago*, 3 Ill.2d 375, a case is moot when it does not involve any actual controversy; and where issues in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, or to establish a precedent, or, in effect, to render a judgment to guide potential future litigation. See also *Siefferman v. Johnson*, 406 Ill. 392; *Central States Import & Export Corp. v. Illinois Liquor Control Com.*, 405 Ill. 58; *Railway Express Agency Inc. v. Commerce Com.*, 374 Ill. 151; *People ex rel. Lawrence v. Village of Oak Park*, 356 Ill. 154; *Berg v. City of Chicago*, 97 Ill.App.2d 410.

■  We are aware that this general rule relative to mootness is subject to an exception and that in certain instances courts of review have chosen not to apply it. (*Kern v. Chicago & E,I,R.R. Co.*, 44 Ill.App.2d 468;

*People ex rel. Wallace v. Labrenz,* 411 Ill. 618; *Partney v. Dallas,* 111 Ill. App.2d 261.) However, in each of these cases it was the overriding public interest involved in the issue presented that dictated the decision to consider it in spite of its mootness. In *Kern* it was the validity of a corporate bylaw that was involved which was designed to modify the cumulative voting rights of a great number of preferred stockholders. In *People ex rel. Wallace* the issue concerned the right of a trial court to appoint a guardian for an 8-day-old child with power to consent to a blood transfusion for the child over the objections of the parents on religious grounds. In *Partney* the issue involved the relative rights of a mayor or city council to make certain committee appointments.

In the case before us we find no such overriding public interest involved. The issue here was whether the plaintiff teachers were entitled to minimal extra compensation for minimal extra duties. No reimbursement was sought for the contract year in question, and the parties themselves resolved the question for the subsequent year. Under these circumstances, and in accordance with the cases above cited, we find this case has become moot and the appeal from the order of the Circuit Court of Fayette County is hereby dismissed.

Appeal dismissed.

G. MORAN, P. J., and EBERSPACHER, J., concur.