TERRY P. COSGROVE, Petitioner-Appellant, *v.* JACK W. PELTASON *et al.*, Respondents-Appellees.

Fourth District No. 13127

Opinion filed October 14, 1976.

CRAVEN, J., dissenting.

Robert M. Finch, Marvin Gerstein, and Martin Knanishu, all of UGSA/GSA Student Legal Service, University of Illinois, of Urbana, for appellant.

Charles L. Palmer, of Champaign (James J. Costello and Timothy Madigan, University Counsel, University of Illinois, and Franklin, Flynn & Palmer, of counsel), for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is a mandamus action brought by a student member of the University of Illinois Board of Trustees in which he seeks to have the court compel production of certain confidential documents by the defendant officers of the university. Cosgrove maintains that, as a trustee, he has a clear right to examine the documents. The trial court disagreed and denied the writ.

Appellant Cosgrove raises several issues on appeal, but we do not find it necessary to recite them or address ourselves to them. Because Cosgrove is no longer a trustee and because he premises his right to the documents on his status as a trustee, the case is moot; and we dismiss the appeal.

■■ Although petitioner failed in his brief to address himself to the mootness problem, we have carefully considered the case in the light of the exception to the mootness rule which permits consideration of a technically moot case when an overriding public interest in the issues raised is involved. *Phillips v. Board of Education* (1974), 23 Ill. App. 3d 124, 318 N.E.2d 687.

In this case the university undertook a comprehensive evaluation of its academic, administrative, and service units. It established a Council on Program Evaluation (COPE) which, in turn, established various task groups to collect information and make findings and recommendations. As noted in a Campus Report put out by the office of the chancellor:

> "The methodology of task group reporting was worked out in some detail because of the sensitive issue of the confidentiality of reports. On the one hand, candid communication with task groups could be expected only if some degree of confidentiality could be assured for persons talking with the groups. On the other hand,

the information collected would need to be shared with persons empowered to act on task group findings and recommendations. Certainly also, the campus generally needs to know what evaluations are occurring and the results of those evaluations.

To achieve as much of both objectives as possible, a three-part system of reports was devised.

(1) The *Summary Report* summarizes the major thrusts of task group findings and recommendations. This is given to the unit by the task group after consultations with the unit at the end of the interviewing period. During that consultation, the task group describes its findings in broad terms, omitting details and identities. It then prepares a written version to go to the unit. This written version, the *Summary Report*, and the unit's response to it, appears as an appendix in the (2) *Task Group Report*, which is prepared for the Council and shared with the Vice-Chancellor for Academic Affairs. This is the detailed report of task group activities, specific findings relative to each category of evaluation, and specific recommendations with documentation for each. *The contents of the Task Group Reports have confidential status.* Where aspects of these reports need to be divulged as support for recommended actions, this is done only with the consent of the council and with due regard for information given privileged status when acquired. These reports will *not* be circulated or published.

(3) *Action Reports* will be issued by COPE. These will describe findings, actions recommended, and actions taken in the case of each evaluated unit. Some detail, particularly that covered by confidentiality agreements, will be omitted. Action Reports are COPE's reports to the campus."

■■ Plaintiff brought this action on the argument that he was entitled to access to the confidential "Task Group" reports by reason of his position as a trustee. Whatever the merits of that argument (and the quoted material as well as the other evidence in the case indicate there are none), he has wholly failed to show an overriding public interest that would justify our invoking the exception to the mootness doctrine and ruling on the merits.

For this reason, we dismiss the action.

Appeal dismissed.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

I dissent because the majority opinion effectively precludes a reviewing court ever passing upon the issue of the rights, powers, duties, or scope of authority of a student member of the Board of Trustees of the University of Illinois.

A student member of the Board is selected for a 1-year term and that term commences on July 1 of each year. (Ill. Rev. Stat. 1975, ch. 144, par. 42.) Plaintiff wrote a letter in July 1974 requesting certain information. It is now September 1976, and the question of the authority of the student trustee to have the information still pends in this court. The effect of the majority decision not to decide the issue but to dismiss it as moot means there will never be a decision. The length of time it takes to process a case on appeal precludes the raising of the issue and its resolution within a year. It simply will not work its way to the top of the pile before the term of the trustee expires.

In the landmark case of *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769, Mr. Justice Schaefer, speaking for a unanimous court, noted that when an issue presented to a reviewing court is of substantial public interest, a well-recognized exception exists to the general rule that the case which has become moot will be dismissed upon appeal. He there stated the criteria that would be considered in determining whether the exception to the mootness rule would apply. Among the criteria listed are the existence of a requisite degree of public interest, the public nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question. The facts in this case bring it within the exception on all grounds. The issue is a public issue that is very likely to recur. If the case is not taken and decided after the expiration of the trustee's term, it will never get decided. A decision would give guidance for future action of trustees as public officers. Accordingly, I dissent to the dismissal. I believe we were right when we denied the motion to dismiss in July 1975.