ILLINOIS BELL TELEPHONE CO., Plaintiff-Appellee, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.

Fourth District No. 15060

Opinion filed January 9, 1979.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos and James E. Weging, Assistant Attorneys General, of counsel), for appellant.

John W. McNulty and Donald H. Sharp, both of Chicago (Ensel, Jones, Blanchard and LaBarre, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On July 2, 1976, Illinois Bell filed proposed tariffs with the Illinois Commerce Commission (Commission), which, if approved, would have given Illinois Bell an estimated $110,000,000 of additional annual revenue. On May 25, 1977, the Commission entered its final order and approved rates intended to yield approximately $9,000,000 of additional annual income. Illinois Bell appealed that order to the circuit court of Sangamon County. The circuit court reversed the order of the Commission and remanded, holding (1) the Commission's order is unsupported by legally required specific findings of fact, based upon substantial evidence in the record on all of the principal issues, including, but not limited to, overall rate of return, and (2) the Commission's exclusive use of an original cost rate base was contrary to law.

The Commission appealed to this court, seeking reversal of the circuit court's order. Subsequently, the Commission filed a motion to dismiss its appeal predicated on grounds of mootness. The issues, including the motion to dismiss, were argued before this court. The appeal is said to be moot because the Commission's order presently under review has been superseded by another order of the Commission, a copy of which has been furnished this court. This superseding order was entered pursuant to a new tariff increase proceeding instituted by Illinois Bell. We conclude that the case is moot.

■■ A case is moot where there is no existing controversy and nothing remains for the court to decide. An appellate court will not review a case for the sole purpose of establishing a precedent. (*Phillips v. Board of Education* (1974), 23 Ill. App. 3d 124, 318 N.E.2d 687.) An exception to the rule is stated in *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769, *cert. denied* (1952), 344 U.S. 824, 97 L. Ed. 642, 73 S. Ct. 24, for cases of great public concern if an authoritative determination is desirable, and if there is a likelihood of a future recurrence of the question. We consider the case before us as falling within the doctrine of mootness, and not within the exception.

In *Union Electric Co. v. Illinois Commerce Com.* (1977), 48 Ill. App. 3d 967, 363 N.E.2d 424, this court held that the order at issue had been superseded by a new order. There was no relief available to the utility even if the superseded order was set aside. Consequently, the case was moot.

Illinois Bell argues that this case is not moot and relies on *Southern Pacific Terminal Co. v. Interstate Commerce Com.* (1911), 219 U.S. 498, 55 L. Ed. 310, 31 S. Ct. 279, and *Kern v. Chicago & Eastern Illinois R.R. Co.* (1963), 44 Ill. App. 2d 468, 195 N.E.2d 197, for the proposition that matters of continuing controversy and importance are not rendered moot by a particular order or circumstance. In S. Diamond, *Federal*

*Jurisdiction to Decide Moot Cases*, 94 U. Pa. L. Rev. 125 (1946), *Southern Pacific Terminal Co.* is discussed and quoted:

"The leading case, *Southern Pacific Terminal Co. v. Interstate Commerce Commission* [(1911), 219 U.S. 498], was an action to enjoin an order requiring the plaintiff to cease granting preferences to a shipper for a period of two years. The Supreme Court held that it had jurisdiction to adjudicate this controversy despite the expiration of the specific order on which issue was joined, explaining that:

'The questions involved in the orders of the Interstate Commerce Commission are usually continuing (as are manifestly those in the case at bar) and their consideration ought not to be, as they might be, defeated by short term orders, capable of repetition, yet evading review, and at one time the Government and at another time the carriers have their rights determined by the Commission without a chance of redress.' " 94 U. Pa. L. Rev. 125, 136.

In *Kern*, the defendant corporation (and others, apparently directors) appealed a declaratory decree entered in favor of plaintiff shareholders of Class A stock. The suit concerned the validity of a bylaw designed to modify voting rights. Two days after plaintiffs instituted the suit, defendants revoked the offending bylaw. Defendants contended that this made the case moot. The appellate court disagreed. The appellate court was willing to presume that the board of defendant company would again adopt a bylaw diluting the voting rights of Class A shareholders. The past action of the corporation and the zeal with which it asserted its rights to change the bylaws were taken into account.

However, it is not the law that all administrative review cases fall outside of the mootness doctrine. In *Eastern Airlines, Inc. v. Civil Aeronautics Board* (D. C. Cir. 1950), 185 F.2d 426, Capital Airlines, Inc., applied for an amendment to a certificate of public convenience and necessity under a statutory provision providing for exemptions without notice of hearing. A one-year exemption was granted, and it was subsequently extended for six months. After expiration of the latter period, Eastern sought review of the exemption order. The court of appeals declined to dismiss the case as moot, citing *Southern Pacific Terminal Co.*, and affirmed the CAB order. The Supreme Court, per curiam, remanded with directions to dismiss as moot. 341 U.S. 901, 95 L. Ed. 1341, 71 S. Ct. 613.

Illinois has long recognized that administrative orders may be rendered moot. In *National Jockey Club v. Illinois Racing Com.* (1936), 364 Ill. 630, 5 N.E.2d 224, the Commission allocated racing dates for the 1936 racing season. The National Jockey Club sought a reallotment of the

dates. The trial court quashed the writ of certiorari instituted by the National Jockey Club. The Supreme Court held that relief respecting the dates was not possible as the racing season had expired. The case was moot and the appeal was dismissed. See also *Railway Express Agency, Inc. v. Commerce Com.* (1940), 374 Ill. 151, 28 N.E.2d 116; *Commonwealth Edison Co. v. Pollution Control Board* (1977), 51 Ill. App. 3d 345, 367 N.E.2d 270.

■■ We conclude that cases that are capable of repetition and that evade review are reviewable as an exception to the doctrines of mootness. However, we do not consider the issues presented by Illinois Bell, in its response to the Commission's motion to dismiss, as being likely to arise in the future, or as evading review.

Illinois Bell points to two issues in its argument against mootness. First, "the question of whether the Commission under the Illinois Public Utilities Act, may determine rates without proper findings and evidentiary support in the record." Second, "the question of whether the Commission may ignore evidence of current costs and determine the value of rate base property solely on the basis of original cost."

■■ The purpose of findings by the Commission is to enable a court to make an intelligent review of the Commission's order. (*Chicago & West Towns Railways, Inc. v. Illinois Commerce Com.* (1947), 397 Ill. 460, 74 N.E.2d 804.) We recently had occasion to review findings by the Commission in another rate-making proceeding involving Illinois Bell. Those findings bore a marked similarity to the findings in the present case. (See *Illinois Bell Telephone Co. v. Illinois Commerce Com.* (1978), 64 Ill. App. 3d 645, 38 N.E.2d 999, *appeal pending*, Supreme Court Docket No. 51476.) We consider that the quality of the findings made by the Commission have met and meet the standard set by the supreme court, and there is, thus, no issue of a repetitive nature that evades judicial review.

■■ The second issue raised by Illinois Bell has, likewise, not escaped judicial review. We also determined this issue adversely to Illinois Bell in *Illinois Bell Telephone Co. v. Illinois Commerce Com.* See also *Union Electric Co. v. Illinois Commerce Com.* (1978), 64 Ill. App. 3d 700, 381 N.E.2d 1002, *appeal pending*, Supreme Court Docket No. 51455.

■■ There being no issue in the case that appears capable of repetition and of escaping judicial review, we hold that the case is moot. We reverse and remand to the circuit court with directions to dismiss Illinois Bell's appeal.

Reversed and remanded with directions.

REARDON, P. J., and TRAPP, J., concur.