JOHN WHEATLEY *et al.*, Plaintiffs-Appellants, *v.* BOARD OF EDUCA-
TION OF TOWNSHIP HIGH SCHOOL DISTRICT NO. 205, COOK
COUNTY, Defendant-Appellee.

First District (5th Division)   No. 81—3156

Opinion filed March 11, 1983.

Wayne Schwartzman and Peter M. Katsaros, both of Hirsh & Schwartz-
man, of Chicago, for appellants.

John H. Hager, P.C., of Chicago (Coin, Crowley & Nord, of counsel), for
appellee.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs, public school teachers who had been sent notices of dis-
missal, brought a class action for a writ of *mandamus* and declaratory

relief against their employer, defendant Board of Education of District 205, Cook County, Illinois (the Board). The trial court found that the issue raised by plaintiffs was moot and, accordingly, dismissed the complaint. Plaintiffs appeal.

On May 7, 1981, John Wheatley and Celeste Mazor, two honorably dismissed teachers, filed a class action against the Board on their behalf and on behalf of the 59 teachers (26 tenured and 33 nontenured) who had been honorably dismissed by the Board on April 8, 1981, for reasons of economic necessity, declining enrollment, and organizational efficiency. Plaintiffs sought: (1) a declaratory judgment that the Board violated section 24—12 of the Illinois School Code by dismissing the teachers without first holding an economic necessity hearing (see Ill. Rev. Stat. 1981, ch. 122, par. 24—12); and (2) *mandamus* directing the Board to rescind the dismissals of the 59 teachers and to reinstate all teachers honorably dismissed. By the fall of 1981, at the start of the school year, 21 of the 26 dismissed tenured teachers either had been rehired by the Board or had declined offers of rehire by the Board. The remaining five tenured teachers were neither re-employed nor offered re-employment by the Board. The record is silent as to the employment status of the 33 nontenured dismissed teachers. On September 9, 1981, the Board filed a motion to dismiss the complaint arguing that, as only five tenured teachers remained unemployed, relief was no longer available under the statute and the issue before the court was, therefore, moot. The court found that: (1) section 24—12 applies only to tenured teachers; (2) where all but five of the tenured teachers who had been sent dismissal notices were re-employed by the Board or offered re-employment by the Board a public hearing on the economic necessity for the dismissals was not mandated by section 24—12; and (3) the public interest exception to the mootness doctrine is not applicable in the instant case. The court concluded that the issues raised in plaintiff's complaint were moot and dismissed the complaint.

Opinion

The sole issue before this court is whether the trial court erred in dismissing plaintiffs' complaint for mootness. Plaintiffs argue that the court erred in refusing to apply section 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, pars. 1—1 through 36—1) to the April 1981 dismissal of 59 teachers. Section 24—12 states, in pertinent part:

"Whenever the number of honorable dismissal notices based upon economic necessity exceeds 5, or 150% of the average number of teachers honorably dismissed in the preceding 3

years, whichever is more, then the board shall hold a public hearing on the question of the dismissals. Following the hearing and board review the action to approve any such reduction shall require a majority vote of the board members." (Ill. Rev. Stat. 1981, ch. 122, par. 24—12.)

It was not disputed that "more than five" is the applicable standard in the instant case.

■ First, we agree with the trial court's determination that only tenured teachers are covered by the provisions of section 24—12. (Ill. Rev. Stat. 1981, ch. 122, par. 24—12.) This section, in clear and unambiguous language, speaks of the termination procedures for tenured teachers only. (See *Bilek v. Board of Education* (1978), 61 Ill. App. 3d 323, 377 N.E.2d 1259.) The first sentence of the section refers specifically to "a teacher in contractual continued service." (Ill. Rev. Stat. 1981, ch. 122, par. 24—12.) Construing the statute in accordance with its plain meaning leads to the conclusion that only the 26 tenured teachers in the instant case are covered under the protective provisions of section 24—12.

We next address plaintiffs' argument that the court erred in dismissing their complaint for mootness. The central issue before the trial court was whether the Board's action on April 8, 1982, violated section 24—12 of the School Code and thereby rendered plaintiffs' dismissals invalid. The Board contends that the issue is moot because all but five of the dismissed tenured teachers were re-employed or offered re-employment by the Board and, therefore, the number of dismissed tenured teachers is less than the minimum number for which an economic necessity hearing is required under section 24—12. Plaintiffs argue that the issue is not moot because the statute does not speak to the number of teachers actually dismissed, but rather to the number of dismissal notices sent. Plaintiffs conclude that as the number of dismissal notices exceeded the statutory minimum the Board violated the statute and the dismissals were, therefore, invalid.

■ It is well established that a court will not review a case merely to decide a moot or abstract question. (*Mills v. Green* (1895), 159 U.S. 651, 40 L. Ed. 293, 16 S. Ct. 132; *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 384 N.E.2d 1309; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 121 N.E.2d 486.) A case is moot where there is no existing controversy and nothing remains for the court to decide. (*Illinois Bell Telephone Co. v. Illinois Commerce Com.* (1979), 67 Ill. App. 3d 616, 385 N.E.2d 159; *La Salle National Bank*; *Szczurek v. City of Park Ridge* (1981), 97 Ill. App. 3d 649, 422 N.E.2d 907.) An issue becomes moot where, because of the lapse of

time or the occurrence of an event, the issue ceases to exist thereby making it impossible for the court to give effective relief or making any relief futile. (*Bluthardt*.) However, where the intervening event forecloses relief to some but not all of the claimants, the rights of the remaining claimants which have crystallized prior to the intervening event are not foreclosed under the doctrine of mootness. See *Szczurek; Phillips Petroleum Co. v. City of Park Ridge* (1958), 16 Ill. App. 2d 555, 149 N.E.2d 344.

The trial court predicated its finding of mootness upon the fact that, at the time of the Board's motion to dismiss, only five or fewer[1] tenured teachers remained who would be affected by an order requiring reinstatement of the dismissed teachers. The court concluded that as the statutory minimum of "more than five" cannot be met, a public hearing on the question of such dismissals was not required. It is our opinion that the rights upon which this action was brought crystallized when the Board sent the dismissal notices in April 1981 without first holding an economic necessity hearing. Therefore, the issue before the court, the validity of the dismissals resulting from such notices, remains an existing controversy to be decided by the court insofar as relief could be granted to the remaining tenured teachers who were neither re-employed nor offered re-employment by the Board.

■ Although the issue before the court became moot as to the tenured teachers who had been re-employed or had declined re-employment as no effective relief could be granted them, the issue continues to exist as to the remaining tenured teachers. The re-employment or offer of re-employment of some but not all of the tenured plaintiffs after the suit was filed does not negate the alleged unlawfulness of the Board's April 1981 action or render unavailable to plaintiffs such remedies as are appropriate. (See *Ross v. 311 North Central Avenue Building Corp.* (1970), 130 Ill. App. 2d 336, 264 N.E.2d 406.) A determination of the validity of the dismissals of the tenured teachers who were neither re-employed nor offered re-employment by the Board remains for decision by the trial court and the granting of such relief as may be appropriate. We conclude, therefore, that the court erred in its determination that the issue before it was moot.

In view of our holding, it is unnecessary to reach the plaintiffs' contentions as to whether an exception to the mootness doctrine is

---

[1]On November 19, 1981, the date the motion to dismiss was granted, counsel for the Board represented to the court that only four tenured teachers remained unemployed. As the applicable statutory standard is "more than five," for the purposes of this appeal, it is, therefore, irrelevant whether five or four teachers remained unemployed.

present.

We express no opinion as to the merits of the claims in the instant case but reverse the order of the trial court and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WILSON, P.J., and LORENZ, J., concur.