(No. 34963.—

MAYWOOD PARK TROTTING ASSOCIATION, INC., Appellant, *vs.* ILLINOIS HARNESS RACING COMMISSION *et al.*, Appellees.

*Opinion filed January 23, 1959.*

ARTHUR MORSE, STANFORD CLINTON, and ROBERT A. SPRECHER, all of Chicago, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and EDWARD M. WHITE, of counsel,) for appellees Illinois Harness Racing Commission *et al.*, and NASH, AHERN & McNALLY, GREGORY & HUNTER, and WINSTON, STRAWN, SMITH & PATTERSON, all of Chicago, (THOMAS D. NASH, JR., ROBERT L. HUNTER, and EDWARD J. WENDROW, of counsel,) for appellees Chicago Downs Association, Inc., and Fox Valley Trotting Club, Inc.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This case involves the issuing of licenses and the allocation of racing dates by the Illinois Harness Racing Commission. After hearings, the Commission issued licenses and allocated racing dates to Maywood Park Trotting Association, Inc., plaintiff, (Maywood), Fox Valley Trotting Club, Inc., (Fox Valley), Chicago Downs Association, Inc., (Chicago Downs), and Suburban Downs Association, Inc., (Suburban Downs). Maywood and Fox Valley filed complaints for administrative review in the superior court of Cook County, which were consolidated. That court affirmed the order of the Commission, and only Maywood appealed directly to this court, attacking the constitutionality of certain sections of the Harness Racing Act. Ill. Rev. Stat. 1957, chap. 8, pars. 37s-37s.34.

Under the Illinois Harness Racing Act, the racing season extends from March 1 through November 15. In 1958, applications were filed for the following dates: Maywood, April 28 through July 5; Suburban Downs, September 1 through October 18; Chicago Downs, July 4 through August 30; and Fox Valley, May 19 through July 3. Upon hearing, the Commission issued licenses to the four applicants, and allocated the following racing dates for the 1958 season: Maywood, April 3 through May 31, (59 days); Fox Valley, June 2 through July 5, (34 days); Chicago Downs, July 7 through August 30, (55 days);

Suburban Downs, September 1 through October 15 (45 days). All the racing meets were held at two tracks in the Chicago area, Maywood Park and Sportsman's Park. Sportsman's is owned and operated by the National Jockey Club, while Maywood Park is owned and operated by Maywood on a long term lease. Maywood Park is used exclusively for harness racing, while the National Jockey Club conducts running races at Sportsman's, and leases to others for harness racing. Maywood has conducted its 13 meets on its own track; Fox Valley has also conducted 13 meets, six as a tenant at the Aurora Downs track, in Aurora, Illinois, four as a tenant of Maywood, and the last three as a subtenant of Chicago Downs at Sportsman's Park. Chicago Downs has leased Sportsman's Park from the National Jockey Club from May 15 to September 1 of each year since 1949, but such lease is inoperative during the period of any running-race meet for which the National Jockey Club may obtain dates. Chicago Downs in turn subleased to Fox Valley from 1956 through 1959, for 40 racing nights between May 15 and September 1, subject to the provision that any harness racing dates allotted Fox Valley do not conflict with dates which may be granted to the National Jockey Club for running races, or to Chicago Downs for harness races. Maywood has leased to Suburban Downs since 1954. For the 1958 season, 78 harness racing dates were allocated to tenants of Sportsman's and 31 running-race days for a total of 109 days.

Maywood complains of the allocation of dates on several grounds: (1) that the Harness Racing Act prohibits "more than ninety (90) days of racing during any calendar year at any one track or enclosure" (Ill. Rev. Stat. 1957, chap. 8, par. 37s.7(i),) which provision either applies to both harness and running racing, or is unconstitutional; (2) that the language of the act entitles Maywood to preferential treatment in dates because it is exclusively devoted

to harness racing (Ill. Rev. Stat. 1957, chap. 8, par. 37s.7(h),); and (3) that the Commission has unconstitutionally permitted the limited lease arrangement between National Jockey Club and Chicago Downs to affect its allocation of dates.

After this appeal was filed, the Commission, Fox Valley and Chicago Downs, relying on our dismissal in *National Jockey Club* v. *Illinois Racing Com.* 364 Ill. 630, on the ground that the question was moot, moved to dismiss the appeal, since the 1958 racing dates had expired. We denied the motion because. we were impressed by the continuing nature of the license granted for harness racing and the practical difficulty of resolving the legal rights of the parties before the expiration of the annual racing season, and we were not convinced that upon a full hearing, some relief could not be granted. We have taken judicial notice of the fact that during the pendency of this appeal, the Commission has allocated 1959 dates as follows: Aurora Downs, March 2 through April 1; Maywood, April 2 through May 30; Fox Valley at Sportsman's June 1 through July 9; Chicago Downs at Sportsman's, July 10 through September 5; and Suburban Downs at Maywood, September 7 through October 21. However, the evidence upon which the Commission made this allocation is not before us.

We have carefully examined the record in this case, together with the briefs and arguments, and find suggestions, but no disclosure, that the Commission, in allocating dates, has given undue consideration to the limited lease arrangement between the National Jockey Club and Chicago Downs. If Chicago Downs sees fit to lease facilities only for the choice month of July, this should not influence the Commission to allocate those dates to it.

Section 11 of the Administrative Review Act, in defining the scope of judicial review of administrative decisions and orders, provides: "The findings and conclusions of

the administrative agency on questions of fact shall be held *prima facie* true and correct." (Ill. Rev. Stat. 1957, chap. 110, par. 274.) Generally, the requirements with respect to administrative findings are more exacting than those relating to the findings of trial courts. Judicial recognition of the practical reasons for requiring administrative findings is almost universal. Administrative Law Treatise, Davis, vol. 2, sec. 16.01, p. 435.

The absence of express findings of fact by the Commission, as to the factors which the legislature commanded it to consider, (Ill. Rev. Stat. 1957, chap. 8, par. 37s.10,) makes the basis of its decision questionable and weakens the force of its determination. On the record before us, we would be inclined to reverse as to the 1958 dates, if that were possible. However, these dates have passed, and relief cannot be granted with reference to them. *National Jockey Club* v. *Illinois Racing Com.* 364 Ill. 630, 631.

The allocation of 1959 dates has now been accomplished, and that determination is ripe for review. However, that record is not before us, and our opinion in the case at bar could be no more than a declaration of principles for the government of future cases. (*National Jockey Club* v. *Illinois Racing Com.* 364 Ill. 630.) Historically, we have no power to do this. (*People ex rel. Lawrence* v. *Village of Oak Park,* 356 Ill. 154; *Tuttle* v. *Gunderson,* 341 Ill. 36; *People ex rel. Chancellor* v. *Sweitzer,* 329 Ill. 380.) We recognize the practical difficulty of obtaining an adjudication of the legal rights of the parties involved before the expiration of the annual racing season. However, the task of providing a more expeditious procedure for review of the proceedings before the Harness Racing Commission does not rest with the judiciary. Relief must be sought before the legislature.

We conclude that this case is now moot, and therefore express no opinion as to the constitutional issues or the merits of the case below. Since we do not wish to be

understood as affirming the trial court, we therefore reverse and remand the cause to the superior court of Cook County, with directions to dismiss the complaint on the ground of mootness. *La Salle National Bank* v. *City of Chicago*, 3 Ill.2d 375.

*Reversed and remanded, with directions.*