**Dan J. Vahle and Estella Vahle, Plaintiffs-Appellants, v. The Zoning Board of Appeals of the City of Canton, County of Fulton and State of Illinois, et al., Defendants-Appellees.**

Gen. No. 68–17.

Third District.

June 28, 1968.

Rehearing denied September 23, 1968.

William H. Malmgren, of Canton, and George K. Meuth, of Cuba, for appellants.

Water J. Sebo, of Canton, for appellees.

STOUDER, J.

This is an appeal from a judgment of the Circuit Court of Fulton County entered in an administrative review proceeding. The judgment affirmed an order of the Zoning Board of Appeals of the City of Canton, Appellee, which order denied the petition of Dan J. Vahle, Appellant, requesting a change in the use of appellant's premises from one nonconforming use to another nonconforming use.

In 1955, appellant purchased an unimproved lot on Main Street in Canton, Illinois. Appellant constructed a concrete block commercial building on said premises, the building being sixty feet by thirty feet. In January, 1956, the appellant commenced to use the improved premises as a laundry. At this time the City of Canton had no zoning ordinance in effect. In June, 1956, the City of Canton adopted a Zoning Ordinance and map which ordinance classified the property of appellant for single-family residences only. Appellant continued to use the property as a laundry until 1958 during which year he applied for and secured a building permit for the construction of a twenty foot by forty eight foot addition for the purpose of expanding his laundry business to include dry cleaning. The addition was constructed and thereafter appellant operated both a laundry and dry cleaning business until August, 1965. In 1962, appellant's son started a carpet and upholstery cleaning business in the building which business was being carried on at the time of the hearing. When appellant discontinued his laundry and dry cleaning business he advertised that the original portion of the building was available for commercial use and he thereafter entered into a lease with Robert Dollar who proposed to engage in a carry-out chicken business in the original portion of the building. The new business required that a plywood wall be moved forward and the vents in the roof be changed. Appellant's application for a building permit to make such changes was denied and a petition which commenced these proceedings was filed with the Zoning Board of Appeals requesting authority to change the use of said premises.

At the hearing before the Zoning Board of Appeals, appellant presented evidence concerning the nature and construction of the building located on the premises, the uses of the premises from 1955 until the date of the hearing, the nature of the proposed use, a description of the properties in the area and the uses thereof and

valuation testimony with respect to the value of the premises as a commercial property and as a residence property. The Zoning Board denied appellant's petition which order was affirmed by the Circuit Court resulting in this appeal. From the record it appears that the petition filed with the Zoning Board is a petition for a variance. However the prayer of the petition seeks permission for a particular use. In this respect it is not clear either from the petition, the evidence, or the action of the Board the precise nature of petitioner's claim.

Appellant originally filed his appeal with the Supreme Court but the cause was transferred to this court.

Appellant first argues that the order of the Zoning Board of Appeals is invalid because it contains no findings of fact. From the cases which have been called to our attention it appears that the precise question involved has not heretofore been considered by our courts.

Appellee concedes that the Zoning Board made no findings of fact but merely denied the petition for variance. Appellee argues that no findings of fact are required in an order of an administrative body unless required by statute or ordinance and that the statute requires findings only when a variance is granted. The Statute relied upon by appellee is chapter 24, section 11–13–11 (of the Cities and Villages Act), Ill Rev Stats (1965), which provides, "Every variation whether made by the Board of Appeals directly or by an ordinance after a hearing before the Board of Appeals shall be accompanied by findings of fact specifying the reason or reasons for making the variation." The principal case relied upon by appellee in support of his position is Sokolis v. Zoning Board of Appeals of City of Springfield, 21 Ill App2d 178, 157 NE2d 427.

The Sokolis case is admittedly not of controlling authority because of the unique factual situation. In that case a hearing was conducted by the Zoning Board of Appeals on an application for a variance in the Zoning

Ordinance. Only six members of the Board participated in the case and they were equally divided three to three on whether the application should be granted and as a consequence the application was denied, it not having received four affirmative votes as required by the Ordinance. The order of the Board contained findings of fact supporting its conclusion that the application should be denied but these findings of fact were disregarded by the court on the basis that findings of fact are not possible when the vote of the Board is equally divided. After reviewing the evidence the court concluded that it was insufficient to establish the applicant's claim. This appears to be the only case in which the present administrative review procedure has been invoked reviewing an order of a Zoning Board of Appeals denying a variance. Since in the Sokolis case findings of fact were included but disregarded as improper under the circumstances it can hardly be said that such case is authority for the contention that such findings are not required.

Appellant relies principally on the cases of International Harvester Co. v. Zoning Board of Appeals of City of Chicago, 43 Ill App2d 440, 193 NE2d 856, Maywood Park Trotting Ass'n, Inc. v. Illinois Harness Racing Commission, 15 Ill2d 559, 155 NE2d 626, Kotrich v. County of DuPage, 19 Ill2d 181, 166 NE2d 601, and Rosenfeld v. Zoning Board of Appeals of Chicago, 19 Ill App2d 447, 154 NE2d 323. In International Harvester one of the issues was the propriety of the Zoning Board's action in granting a special use permit without findings of fact to support it. Although the order granted the relief requested rather than denying it, as in the instant case, nevertheless, as in the instant case, findings of fact by the Board were not required by statute or ordinance. In International Harvester the Court discusses and analyzes the other cases relied upon by appellant as well as leading texts on the subject and concluded that findings of fact were necessary even though not specifically

required by statute or ordinance. It might be argued that the granting of a special use permit being somewhat similar to the granting of a variance could and should be subject to the same statutory requirements for the granting of variances without warranting the conclusion that findings of fact are required where the relief sought in either case is denied. The court in International Harvester did recognize such analogy but more significantly, in relying heavily on Maywood Park Trotting Ass'n, Inc. v. Illinois Harness Racing Commission, 15 Ill2d 559, 155 NE2d 626, it also based its decision on broader or more general considerations namely the nature of the administrative decision process, the necessity of applying statutory standards, the significance of findings of fact as related to the application of standards and particularly the effect and importance of findings of fact in the judicial review of administrative determinations. We believe it unnecessary to unduly extend this opinion by repetition of the discussion and reasoning in the International Harvester and Maywood cases but believe it is sufficient to say that we agree with the reasoning therein employed and that such reasoning supports the proposition that findings of fact are and should be required to support the Zoning Board's action in denying the petition. Since the proceedings before a Zoning Board are not adversarial in nature it is not required that a petition be granted merely because there is an absence of opposing evidence. Nor does the requirement that findings of fact be made whether the variance is granted or denied mean that the Zoning Board may not find, if such be the case, that no evidence was presented by the petitioner on any issue which he was required to prove.

We find no merit in appellee's argument that to require the Board to state its reasons for denying the petition would in effect require the Board to find that a negative fact exists or that the petitioner had "not proved" the required facts. In many instances the standards them-

169

selves are phrased in the negative i. e., ". . . not adversely affect the property in the area. . . ." Furthermore it is the application of the statutory standards to the reasons or findings of fact which determine the appropriateness of the result. Accordingly we believe the trial court erred in affirming the order of the Zoning Board of Appeals since such order contains no findings of fact in support of its denial of the petition.

Appellant has urged other reasons for reversing the order of the Zoning Board of Appeals but in our view of this case they cannot be considered properly in the absence of findings of fact in the order and accordingly we make no decision on the other points urged.

For the foregoing reasons the judgment of the Circuit Court of Fulton County is reversed and remanded with directions that an order be entered remanding this cause to the Zoning Board of Appeals of the City of Canton for further proceedings consistent herewith.

Judgment reversed and remanded with directions.

ALLOY, P. J. and SCHEINEMAN, J., concur.