UNION ELECTRIC COMPANY, Petitioner-Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Respondent-Appellee.—(CERRO COPPER & BRASS COMPANY *et al.*, Intervenors-Appellees.)—CERRO COPPER & BRASS COMPANY *et al.*, Plaintiffs, *v.* ILLINOIS COMMERCE COMMISSION *et al.*, Respondents.

Fourth District   No. 13117

Opinion filed May 23, 1977.

CRAVEN, P. J., dissenting.

Robert Broderick, of Pope and Driemeyer, of East St. Louis, and Stewart W. Smith, Jr., of Union Electric Company, of St. Louis, for appellant.

William J. Scott, Attorney General, of Chicago (Peter A. Fasseas and James Sullivan, Assistant Attorneys General, of counsel), for appellee.

Randall Robertson, of Granite City, and John P. Meyer, of Danville, for intervenors-appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Union Electric appeals to the circuit court upon an order of the Illinois Commerce Commission fixing utility rates entered April 17, 1973. The trial court dismissed the appeal as moot, but also affirmed the order of the Commission.

The issue of mootness arises from the circumstances that economic events in terms of operating costs require frequent adjustment of rates. In May 1972, Union filed a schedule of rates with the Illinois Commerce Commission. The Commission suspended the effective date until April, 1973. On November 27, 1972, the Missouri Public Service Commission entered a schedule of rates applicable to customers of Union in Missouri. In April, 1973, the Illinois Commerce Commission took "administrative notice of rate schedules approved on November 27, 1972, by the Missouri Commission" and made such rates applicable to Union's customers in Illinois.

Union is a utility supplying electrical energy in Missouri, Illinois and Iowa, and is subject to the regulatory authority by a Commission in each state. It provides electric service for some 70,000 Illinois customers. Its customers in Missouri and Iowa were charged rates fixed by the respective Commissions in each state.

The order of the Commission stated that: "Under traditional rate

making procedures, this Commission would approve rates and tariffs which would yield an acceptable rate of return on the value of the utilities (Union's) property used and useful in serving Illinois rate payers," but concluded that because of the peculiar circumstances of operation in Missouri and Illinois it was impossible to provide rates which would yield an acceptable rate of return in Illinois because such would require a rate higher than that approved in Missouri.

The Commission concluded that a difference in such rates would constitute discrimination under the provisions of section 38 of "An Act concerning public utilities" (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 38), which provides:

> "No public utility shall, as to rates or other charges, services, facilities or in other respect, make or grant any preference or advantage to any corporation or person or subject any corporation or person to any prejudice or disadvantage. No public utility shall establish or maintain any unreasonable difference as to rates or other charges, services, facilities, or in any other respect, either as between localities or as between classes of service."

Union perfected its timely appeal to the circuit court of Jersey County. While the court's determination was pending the Commission entered an order fixing proposed revised rates on October 23, 1974. Upon such superseding rate schedule for Union being brought to the attention of the court, it entered the order now on appeal.

Union urges on appeal, that the Commission refused to find a fair value of its property in Illinois, and failed to determine a reasonable rate of return, and arbitrarily and unlawfully refused to fix rates or tariffs to produce a fair return in Illinois by adopting the schedule of rates ordered by the Missouri Public Service Commission.

The notice of appeal prays that this court reverse the trial court in so far as it affirms the order of the Commission, and that this court remand to the circuit court with directions to remand to the Commission with instructions to ascertain the fair market value of Union's property, to determine a fair rate of return and to fix reasonable rates which would produce such fair return.

■■ Union urges that this appeal should be treated as an exception to the rule that courts will not pass upon issues in the absence of real controversy. As stated in *Kern v. Chicago & Eastern Illinois R.R. Co.* (1963), 44 Ill. App. 2d 468, 477, 195 N.E.2d 197, 201, *cert. denied*, 379 U.S. 825, 13 L. Ed. 2d 35, 85 S. Ct. 51:

> "[M]ootness is a doctrine which the court imposes for its own protection, and it will not applied where it is apparent that the controversy is a genuine one concerning valuable rights and where the party defending maintains that it still has the power to annul

those rights and to recreate the condition as it existed at the time the litigation was commenced. * .* *"

*Kern* discusses at length the practice in the Federal courts as to regulatory agencies which enter short term orders that may expire before judicial review may be obtained. Such cases hold that the issue does not become moot by expiration of the order because of the reasonable possibility that the order will be renewed. See *Southern Pacific Terminal Co. v. Interstate Commerce Commission* (1911), 219 U.S. 498, 55 L. Ed. 310, 31 S. Ct. 279; *Southern Pacific Co. v. Interstate Commerce Commission* (1911), 219 U.S. 433, 55 L. Ed. 283, 31 S. Ct. 288.

The brief filed in behalf of the Commission clearly indicates that it asserts the right to enter orders as to Union upon the rationale and for the reasons set out in the order on appeal and contends that such orders are lawful.

■■ The supreme court has determined that utilities are entitled to a fair and reasonable return determined upon the basis of the fair value of the property. (*Du Page Utility Co. v. Illinois Commerce Commission* (1971), 47 Ill. 2d 550, 267 N.E.2d 662, *cert. denied*, 404 U.S. 832, 30 L. Ed. 2d 62, 92 S. Ct. 74, and *City of Chicago v. Illinois Commerce Com.* (1954), 4 Ill. 2d 554, 123 N.E.2d 500.) As noted by the findings of the Commission, it has not undertaken to fix rates within the standards as determined by the supreme court.

The supreme court has stated that the only unreasonable differences in rates are prohibited. *Citizens Utilities Co. v. Illinois Commerce Com.* (1971), 50 Ill. 2d 35, 276 N.E.2d 330.

■■ The power to determine whether rates are discriminatory under section 38 of the statute is limited to discrimination with reference to parties who are before the Commission. (*Lowden v. Illinois Commerce Com.* (1941), 376 Ill. 225, 33 N.E.2d 430.) We find no claim that there is discrimination among the customers served in Illinois.

■■ We thus conclude that there are genuine issues in controversy between the parties which may recur in future rate schedules entered by the Commission.

The argument that the status of mootness arises because Union applied for rate increases requiring new orders before the prior order could be reviewed has little merit. Union is required to use sound business judgment in its operation and to seek rates appropriate in the exercise of such judgment.

■■ The authority of this court is limited under the provisions of section 68 of "An Act concerning public utilities" (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72), in the language:

" * * * If it appears that the Commission failed to receive evidence properly proffered, on a hearing or a rehearing, or an

application therefor, the court shall remand the case to the Commission with instructions to receive the testimony so proferred and rejected, and to enter a new order * * *."

The court may also set aside an order if it clearly appears that "the same was without the jurisdiction of the Commission."

■■ The order at issue here has been superseded by a new and different order based upon different evidentiary considerations. Upon such form of statutory authority, we can find no available relief in setting aside an order which has been superseded by a new and different order.

■■ We find that *Kern v. Chicago & Eastern Illinois R.R. Co.* (1963), 44 Ill. App. 2d 468, 195 N.E.2d 197, was an action in declaratory judgment and that *Southern Pacific Tervinal Co. v. Interstate Commerce Com.* were actions for declaratory judgment and injunction. Said forms of action permit the court to determine the rights of the parties, or to exercise equitable jurisdiction and, as to such actions the exceptions to the doctrine of mootness may be applied.

In *Maywood Park Trotting Association, Inc. v. Illinois Harness Racing Com.* (1959), 15 Ill. 2d 559, 155 N.W.2d 626, an order of the Commission fixing racing dates was presented on administrative review. When the order came before the court the schedule of racing dates fixed by the Commission order had expired and a succeeding schedule had been fixed. The court examined the evidence and concluded that upon the record, it was inclined to reverse but that the order reviewed having expired, the court had no power to issue declarations of principles to guide future actions. The court stated, however, that it did not wish to be understood as affirming the trial court's order which affirmed the order of the Commission. It therefore reversed the order of the trial court and remanded with directions to dismiss the appeal on the grounds of mootness.

In dismissing the cause as moot, the trial court did not have occasion to affirm the order of the Illinois Commerce Commission.

The order of the trial court affirming the order of the Commission is reversed and the cause is remanded with directions to dismiss the appeal.

Reversed in part and remanded with directions.

GREEN, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN, dissenting:
I dissent.

As I understand the majority opinion, the only function it will serve will be to confound students of procedure for some time to come. The Commerce Commission acted upon an application for a rate increase by

the Union Electric Company. That administrative proceeding was the subject of judicial review in the circuit court of Jersey County. While that case was there pending, the Commission acted on another rate increase and the circuit court found that the pending judicial review proceeding was moot, and I might add, that it was classically moot, all matters in controversy having been resolved by subsequent events that were then untouchable. So the trial court did what it was in fact required to do under an earlier mandate of this court in exactly a like case involving the same parties. That is to say, it dismissed the appeal as moot *but* it also affirmed the order of the Commission as it related to a now extinct rate matter. The trial court did not reach anything relative to the merits of the issue.

The majority opinion acting in what I consider to be misplaced reliance upon *Maywood Park Trotting Association, Inc. v. Illinois Harness Racing Com.* (1959), 15 Ill. 2d 559, 155 N.E.2d 626, does a very strange thing. It reverses the trial court's dismissal of this case as moot and remands the case to the trial court with directions to dismiss the appeal as moot. In between the opening paragraph and the end, the majority does something that I think is totally impermissible—it rather gratuitously gives some advice on rate-making which is obviously not relevant to the mere dismissal of the case.

We should do what the trial court did—dismiss this case as moot.