CHICAGO AREA RECYCLING GROUP, Plaintiff-Appellant, *v.* ILLINOIS
COMMERCE COMMISSION, Defendant-Appellee.

First District (1st Division)   No. 76-1631

Opinion filed March 27, 1978.

James U. Hamersley, of Alexandria, Virginia, and Howard Elliott Kilberg, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos, Rodney C. Howard, and Mary C. Ubatuba, Assistant Attorneys General, of counsel), for appellee.

Joseph M. Wells, Paul E. Goldstein, James Hinchliff, and Freddi L. Greenberg, all of Chicago, for intervenor Peoples Gas, Light, and Coke Company.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Intervenor Peoples Gas, Light, and Coke Company filed a rate increase with defendant Illinois Commerce Commission. The Commission determined that hearings concerning the propriety and reasonableness of the proposed rate increase were appropriate and allowed plaintiff Chicago Area Recycling Group to intervene. Plaintiff Chicago Area Recycling Group is an unincorporated association. After full hearings, the proposed rate increase was granted. Plaintiff Chicago Area Recycling filed an application for rehearing, alleging that the Commerce Commission applied the wrong standards in determining whether the rate increase was justified. Also alleged was that intervenor Peoples Gas made statements before the Federal Power Commission that contradicted statements made before defendant Illinois Commerce Commission, indicating that rates were too low. The application for rehearing was denied and plaintiff appealed to the circuit court of Cook County. Thereafter intervenor Peoples Gas successfully petitioned to intervene. Intervenor Peoples Gas subsequently filed a motion to dismiss on the grounds that as an unincorporated association, plaintiff Chicago Area Recycling Group lacked standing to appeal an order of the Illinois Commerce Commission. The motion was granted and plaintiff appeals.

We reverse and remand with directions.

The facts are not disputed. On February 2, 1975, intervenor Peoples Gas, Light, and Coke Company (hereinafter referred to as Peoples) filed for a rate increase with defendant Illinois Commerce Commission (hereinafter referred to as the Commission). The rates were to become effective on March 15, 1975. In the interim, the Commission determined that hearings concerning the propriety and reasonableness of the

proposed rate increase should be held. Plaintiff Chicago Area Recycling Group, an unincorporated association, was allowed to intervene and thereafter, participated in the hearings. The purpose of Peoples' proposed rate increase was to increase rates for 637 of its off-peak and interruptible service customers.

On July 24, 1975, the Commission granted Peoples' proposed rate increase. Within the time for filing, plaintiff filed an application for rehearing. The petition was primarily based on newly discovered evidence that came into plaintiff's possession. Specifically, the new evidence consisted of a document entitled "Comments of the Peoples Gas, Light, and Coke Company Opposing Proposed Rulemaking for the Federal Power Commission." The document was dated June 9, 1975, and contained statements by Peoples that plaintiff felt were contrary to the position taken by Peoples during the Commerce Commission hearings. During the Commerce Commission hearings, Peoples based their request for a rate increase on the premise that rates for off-peak consumers were too low, while in its document before the Federal Power Commission it stated:

> "Peoples has very little low priority industrial usage *and none of it is low priced.*" (Emphasis added.)

Plaintiff argued that the quoted language indicates that Peoples did not really believe that a rate increase was justified and that the result of this and other misstatements led the Commerce Commission to believe that off-peak rates were too low. Consequently, plaintiff argued that the Commission should grant a rehearing in order to consider the alleged contradictions.

Plaintiff's application for rehearing also alleged that the Commission misapplied the criteria used for determining whether a rate increase is justified, the standard being enunciated in *Produce Terminal Corp. v. Illinois Commerce Com. ex rel. Peoples Gas Light & Coke Co.* (1953), 414 Ill. 582, 112 N.E.2d 141.

When the Commission denied plaintiff's application for rehearing, plaintiff appealed to the circuit court of Cook County. Peoples intervened and filed a motion to dismiss. The motion was denied. Peoples filed a second motion to dismiss, arguing that as an unincorporated association, plaintiff lacked standing to appeal an order of the Illinois Commerce Commission unless all members of said association were joined as parties. This motion was granted.

On appeal, plaintiff argues that the trial court erroneously found that they lacked standing to appeal an order of the Commission, inasmuch as they actively participated in the hearings before that body.

We agree. Section 68 of the Public Utility Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72) states in relevant part that:

> "[W]ithin 30 days after service of any order or decision of the

> Commission refusing an application for a rehearing of any * * * order * * * of the Commission, * * * any person or corporation affected by such * * * order * * * may appeal to the Circuit Court of the county in which the subject-matter of the hearing is situated * * *."

The quoted section has been interpreted to include unincorporated associations that participated in the hearings before the Commission. In *Illinois Telephone Association v. Illinois Commerce Com.* (1977), 67 Ill. 2d 15, 364 N.E.2d 63, an unincorporated association of telephone utilities attempted to appeal an order of the Commission to the circuit court of Sangamon County. Appealed was the Commission's denial of the Association's application for rehearing. The Commission moved to dismiss the appeal, asserting that the Association failed to perfect its appeal, was not a "person or corporation" affected by the order, and was therefore without standing to appeal. The circuit court denied the motion and reversed the order of the Commission.

The Commission appealed the denial of the motion to dismiss. Reversing, the appellate court held that an unincorporated association could sue or be sued in its own name only if all of its members were joined as parties. (*Illinois Telephone Association v. Illinois Commerce Com.* (1977), 38 Ill. App. 3d 740, 348 N.E.2d 490.) Since this was not the case, the court concluded that the Association was without standing to appeal the order of the Commission.

The Illinois Supreme Court reversed the appellate court and held that the Association had standing to perfect an appeal because it had participated in the Commission hearings and was accorded all of the panoplies of the adversary process. The court stated:

> "Here the Illinois Commerce Commission not only allowed the Illinois Telephone Association to be heard but allowed it to intervene and accorded it party status in the proceedings. As such, it had the right to examine and cross-examine witnesses, to submit evidence, to file exceptions to the finding of the Commission, and to make applications for rehearing and reconsideration. However, the Commerce Commission urges it did not have the right to seek judicial review in the circuit court* * *. *It would seem that to allow an intervenor the status of party and to accord it all the panoplies of the adversary process but to deny it the statutory right of appeal requires a great leap of the imagination to satisfy the fundamentals of simple fairness.*" (Emphasis supplied.) 67 Ill. 2d 15, 22-23, 364 N.E.2d 63, 65-66.

■■ We therefore conclude that plaintiff had standing to appeal the order of the Commission denying its motion for rehearing. As in *Illinois Telephone,* plaintiff was allowed to intervene in the rate hearings and was thus conferred "party status." Plaintiff also examined and cross-examined

witnesses and also submitted evidence. To now deny it the right to appeal an order of the Commission would do justice a disservice.

Nevertheless, Peoples and the Commission respond that even if plaintiff had standing, the order of the circuit court, granting the motion to dismiss, should be affirmed. They argue that there exist two other reasons why Peoples' motion to dismiss was properly granted. Because an appellee may urge any point in support of the judgment on appeal, even though not directly ruled on by the trial court (*Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 246 N.E.2d 285), we will consider these contentions.

The Commission and Peoples first argue that the appeal to the circuit court should have been dismissed as moot because the order was superseded by a subsequent rate increase by the Commission. It is undisputed that during the pendency of the instant appeal, the Commission entered an order granting Peoples a general rate increase on November 9, 1976. Relying on *Union Electric Co. v. Illinois Commerce Com.* (1977), 48 Ill. App. 3d 967, 363 N.E.2d 424, they argue that a subsequent order granting a rate increase automatically moots any appeal concerning a prior rate increase.

We do not construe *Union Electric* so broadly. *Union Electric* dealt with a situation where a utility appealed from an order of the Commission and while the appeal was pending, the order was superseded by a new and different order. Because the subsequent order granted the rate increase denied by the Commission in the first order, the court concluded that the dispute over the first order was moot. The subsequent order eliminated any relief the utility might have received had the first order been set aside.

■■ Such is not the case here. In this case, plaintiff-appellant is a group of utility consumers that challenged a Commission order *granting* a rate increase. The subsequent Commission order granting the further rate increase in November 1976 does not retroactively justify the similar order of July 24, 1975, the order being challenged by plaintiff. Further, while relief was not available to the Union Electric Company, the same cannot be said for plaintiff in the instant case. If it is finally determined that the Commission improperly granted the rate increase in its order of July 24, 1975, then plaintiff and hundreds of other consumers may be entitled to receive a rebate or credit. Consequently because both a controversy and a remedy still exist as to the Commission order of July 24, 1975, the dispute is not moot.

■■ Lastly, the Commission and Peoples argue that the order of the circuit court, dismissing the appeal, should be affirmed because plaintiff failed to file an application for rehearing in accordance with section 67 of the Public Utilities Act. (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 71.) Section 67 states:

"Within 30 days after the service of any rule or regulation, order or

decision of the Commission any party to the action or proceeding may apply for a rehearing in respect to any matter determined in said action or proceeding and specified in the application for rehearing. * * * No appeal shall be allowed from any rule, regulation, order or decision of the Commission unless and until an application for rehearing thereof shall first have been filed with and finally disposed of by the Commission.* * * No person or corporation in any appeal shall urge or rely upon any grounds not set forth in such application for a rehearing before the Commission."

The underlying purpose of requiring an application for rehearing as a condition to an appeal to the circuit court was explained by the supreme court in *Scherer Freight Lines, Inc. v. Illinois Commerce Com.* (1962), 24 Ill. 2d 359, 363-64, 181 N.E.2d 134, 137:

"The requirement of an application for rehearing as a condition to an appeal and the limitation that no person on appeal shall rely on any ground not set forth in such application for rehearing clearly disclose the underlying policy that any person aggrieved by a decision of the Commission must first give the Commission an opportunity to correct its alleged errors before resorting to the courts."

It has also been held that the allegations of error must be sufficiently specific to apprise the Commission and opposing parties of the actual points relied on and failure to do so requires that the application be dismissed. For this reason, general allegations of error do not satisfy the statute. *Meinhardt Cartage Co. v. Illinois Commerce Com.* (1959), 15 Ill. 2d 546, 155 N.E.2d 631; *City of Granite City v. Illinois Commerce Com.* (1950), 407 Ill. 245, 95 N.E.2d 371.

Peoples and the Commission maintain that plaintiff's application for rehearing "consists of nothing more than vague and general statements and a request that the Commission reopen the record." They believe that plaintiff's allegation that *Produce Terminal* was misapplied, along with the allegation of inconsistent statements by Peoples, represents "only general grumblings and provides nothing by way of specifications of alleged error.* * *" Relying on section 68 of the Act they conclude that failure to file an adequate application for rehearing is a jurisdictional defect requiring the circuit court to dismiss the appeal.

■■ It is our view that we should not resolve this issue until it has been presented to the circuit court. There, a hearing can be held to determine whether the application for rehearing was sufficiently specific to apprise Peoples and the Commission of all points on which plaintiff relied. We therefore remand this issue for determination in the circuit court.

For the foregoing reasons, the order of the circuit court of Cook

County is reversed and the cause is remanded so that the court may determine whether plaintiff's application for rehearing was sufficiently specific to satisfy section 67 of the Public Utilities Act.

Order reversed; cause remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.