HOUSER COMMUNICATIONS, INC., Plaintiff-Appellant, *v.* ILLINOIS COMMERCE COMMISSION *et al.*, Defendants-Appellees.

Third District   No. 82—811

Opinion filed December 8, 1983.—Supplemental opinion filed on denial of rehearing January 27, 1984.

John C. Mulgrew, Jr., and Jeffrey Alan Ryva, both of Davis & Morgan, of Peoria, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Hercules F. Bolos and Kathleen Nolan, Assistant Attorneys General, of counsel), for appellee Illinois Commerce Commission.

Charles W. Kohr, of Littler, Kohr & Howard, of Peoria, for appellee Radio Paging of Illinois, Inc.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by plaintiff, Houser Communications, Inc., to the circuit court of Peoria County pursuant to section 68 of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 72) from an order of the Illinois Commerce Commission granting defendant, Radio Paging of Illinois, Inc., a certificate of public convenience and necessity to provide one-way paging and two-way radio communication services within Peoria County. The circuit court dismissed the appeal on the grounds that Houser lacked standing.

■ Prior to dealing with the substantive issues in this case, we must first address ourselves to Radio Paging's motion requesting this court to take judicial notice of two decisions by the Illinois Commerce Commission, one rendered on August 10, 1983, and the other on September 6, 1983. The circuit court entered its order in the case at hand on August 30, 1982, well before the Commission entered the orders in question. The circuit court had no opportunity to consider these orders. Therefore, we believe it to be inappropriate to take judicial notice of the August 10 and September 6 orders under these circumstances.

On September 8, 1980, Radio Paging filed a petition with the Commission asking that it be granted a certificate of public convenience and necessity to provide one-way radio paging and two-way radio communication services within Peoria County. Houser petitioned for leave to intervene in the proceedings on the basis that it was a certificate holder and a public utility in Peoria County. The Commission granted the intervention petition.

On December 2, 1981, the Commission granted Radio Paging the certificate it sought, holding that Houser had not established itself as the pioneer, first-in-the-field utility. Houser, thereafter, filed its notice of appeal to the circuit court.

On May 27, 1982, Radio Paging petitioned for leave to intervene in the circuit court in order to be joined as an appellee. The petition was granted and the parties thereafter briefed the substantive issues of the case.

On July 19, 1982, Radio Paging filed a motion to dismiss based upon the argument that Houser lacked standing to appeal because it did not process a certificate to provide the services Radio Paging had been granted a certificate to provide. A hearing was held on August 12, 1982, and on August 30, 1982, the circuit court granted Radio Pag-

ing's motion to dismiss.

Houser has requested that we review the following issues: (1) whether the Illinois Commerce Commission lacks subject-matter jurisdiction in the area of one-way radio paging and two-way radio communication services and (2) whether the circuit court improperly determined that Houser lacked standing to appeal the order of the Commission.

The question of whether or not the Commission has subject-matter jurisdiction over the area of radio paging communication services was not argued at the circuit court level and, thus, has been presented to this court for the first time. The sole case dealing with the Commission's subject-matter jurisdiction in this area is *Illinois Consolidated Telephone Co. v. Illinois Commerce Com.* (1983), 95 Ill. 2d 142, 447 N.E.2d 295, which was decided after the circuit court rendered its judgment. However, that case addressed itself to one-way radio paging services only. Two-way radio communication services were never specifically discussed by the court.

■ The court held that one-way radio paging services were not within the jurisdiction of the Commission in that this type of activity did not fall within the provisions of section 10.3(b) of the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111⅔, par. 10.3(b)); "the transmission of telegraph or telephone messages between points within this State." The court based its decision upon the view that the essence of telephonic communication is two-way communication by voice. A one-way paging service did not fall within this definition.

It is evident that one-way radio paging services are not within the jurisdiction of the Commission. This issue was conceded by all parties, and to the extent the certificate of the Commission includes one-way radio paging services it should be vacated. However, we believe that two-way radio communication services do fall within the subject-matter jurisdiction of the Commission, this type of activity being functionally equivalent to telephonic communication.

Having established the subject-matter jurisdiction of the Commission in the instant case, we now turn to the issue of whether Houser lacked standing in its appeal to the circuit court.

■ The question of whether or not the entity now known as Houser Communications, Inc., held a certificate of public convenience and necessity to provide a radio paging service at the time of the hearing before the Commission and at the time of the appeal to the circuit court remains unresolved. However, Houser was permitted to intervene in the proceedings before the Commission and participated in those proceedings as a party. This was done by the Commission with knowledge that Houser's standing was at issue. At this juncture, to

deny Houser the right to appeal the Commission's order would be patently unfair. The courts in *Illinois Telephone Association v. Illinois Commerce Com.* (1977), 67 Ill. 2d 15, 364 N.E.2d 63, and *Chicago Area Recycling Group v. Illinois Commerce Com.* (1978), 58 Ill. App. 3d 769, 374 N.E.2d 1008, have reached the same conclusion with respect to this issue. Therefore we hold that the circuit court's dismissal of Houser's appeal for lack of standing was improper.

Accordingly, for the reasons discussed in this opinion, the judgment of the circuit court of Peoria County is reversed with the case remanded to the circuit court in order to vacate that part of the Commission's order granting a certificate for one-way radio paging services and for further proceedings relative to the appeal of the Commission's order granting Radio Paging a certificate to conduct a two-way radio communication service.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

■ Subsequent to our opinion in this case filed December 8, 1983, the Illinois Commerce Commission has in its petition for rehearing directed our attention to a procedural deficiency created by our decision. Relying on *Illinois Consolidated Telephone Co. v. Illinois Commerce Com.* (1983), 95 Ill. 2d 142, and *Illinois Commerce Com. v. New York Central R.R. Co.* (1947), 398 Ill. 11, the Commission urges that the order should not have been reversed in part and the remainder remanded to the circuit court for further proceedings. Rather, according to the Commission, the order of the Commission should be set aside to permit the Commission to recall and amend the certificate. We believe the position of the Commission is well taken and the relief sought by the rehearing petition is granted.

Our previous opinion is hereby modified to provide that the judgment of the circuit court of Peoria County is reversed and remanded with directions that said court remand the case to the Illinois Commerce Commission for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded with directions.

BARRY and SCOTT, JJ., concur.