RADIO PAGING OF ILLINOIS, INC., Appellants, *v.* HOUSER COMMUNI-CATIONS, INC., Appellees.

Third District   No. 3—83—0075

Opinion filed January 12, 1984.

Charles W. Kohr, of Littler, Kohr & Howard, of Peoria, for appellant.

John C. Mulgrew and Jeffrey Alan Ryva, both of Davis & Morgan, of Peoria, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order by the circuit court of Peoria County dismissing the complaint of the plaintiff, Radio Paging of Illinois, Inc., requesting injunctive relief and damages from the defendant, Houser Communications, Inc., for operating as a public utility without a certificate of public convenience and necessity.

On September 9, 1980, the plaintiff filed a verified petition with the Illinois Commerce Commission seeking a certificate of public con-

venience and necessity to construct, operate and maintain a two-way radio communications service and a one-way radio paging service within Peoria County, Illinois.

A petition for leave to intervene in the Commission proceedings was filed by the defendant claiming that in 1963 it had been issued a certificate of public convenience and necessity to operate a radio communications service within the Peoria County area. Thereafter, the defendant was allowed to enter its appearance before the Commission and participate as a party in those proceedings.

On December 2, 1981, the Commission issued a certificate to the plaintiff to provide one-way paging and two-way radio communication services within Peoria County. The defendant appealed the Commission's decision to the circuit court of Peoria County, case No. 82MR381, pursuant to the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*) and said court dismissed the defendant's appeal on the grounds that the defendant lacked standing to intervene in the Commission proceedings.

In the complaint filed in the instant case on October 28, 1982, the plaintiff alleged that the defendant operated his business without a certificate of public convenience and necessity. Consequently, the plaintiff sought preliminary and permanent injunctions in order to prevent the defendant from operating his business illegally, along with damages and attorney fees.

Upon the motion of the defendant, the court dismissed the plaintiff's complaint on December 28, 1982, stating that the question of whether or not the defendant has or should have a certificate of public convenience and necessity should be determined in the first instance by the Illinois Commerce Commission. The court's order of dismissal further stated that the decision of the circuit court of Peoria County in case No. 82MR381 was beyond the jurisdiction and power of that court and, thus, was not binding in any subsequent proceeding. Subsequently, this court reversed the trial court's order of dismissal in case No. 82MR381 and remanded the case to the trial court in *Houser Communications, Inc. v. Illinois Commerce Com.* (1983), 120 Ill. App. 3d 640.

The issue which the plaintiff has raised on review is whether the trial court erred in the dismissal of the complaint. We find that the trial court did not err in this respect.

As stated previously, this court reversed the trial court's decision in case No. 82MR381, *Houser Communications, Inc. v. Illinois Commerce Com.* (1983), 120 Ill. App. 3d 640, holding that only two-way radio communication services were within the subject matter jurisdic-

tion of the Illinois Commerce Commission, and not one-way radio paging services; and that Houser did have standing to appeal the Commission's order to the circuit court. Thus, the case was remanded to the trial court for further proceedings relative to the appeal of the Commission's order granting Radio Paging a certificate to conduct a two-way radio communications service.

The question of whether or not the previous order on the defendant's lack of standing is binding in subsequent proceedings is not at issue due to this court's determination that the defendant did have standing to intervene in the Commission proceedings concerning the granting of a certificate to the plaintiff. In addition, the finding that the Commission has subject matter jurisdiction over two-way radio communication services only, having the power to issue a certificate for that type of activity, leaves the controversy concerning the propriety of the issuance of a certificate to the plaintiff in this respect at issue.

■■ The Commission has been given the power to rescind, alter or amend any order made by it (Ill. Rev. Stat. 1981, ch. 111⅔, par. 71) and in *Black Hawk Motor Transit Co. v. Illinois Commerce Com.* (1947), 398 Ill. 542, 76 N.E.2d 478, the supreme court stated that the factual determination needed to support the exercise of such a power was a question for the Commission in the first instance.

Contrary to the assertion of the plaintiff, the issue involved here is not solely a legal one. A factual dispute is involved of whether the defendant holds a certificate of public convenience and necessity and, if so, whether the defendant fraudulently procured such certificate.

■■ Due to the complex nature of this dispute and the fact that the Commission's statutory grant of power includes the resolution of this type of matter, we believe that the Commission is better suited to determine this issue in the first instance. Therefore, the trial court did not abuse its discretion in dismissing the complaint.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.